UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| FRANKLIN R. DASHIELL, JR., | ) | CASE NO.: C06-0372-JLR |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MAGGIE MILLER-STOUT, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a state prisoner who is currently incarcerated at the Airway Heights Corrections Center in Airway Heights, Washington. Petitioner has filed a petition for writ of habeas corpus in which he asserts that he is being denied a custody level promotion within the Washington Department of Corrections because of outstanding felony warrants in two prior criminal cases.[1] Petitioner further asserts that he has attempted to have the warrants quashed, but that the King County Superior Court Clerk has refused to place his motions to quash on the

---

[1] Because petitioner is in custody pursuant to the judgment of a state court, the Court construes his federal habeas petition as one brought under 28 U.S.C. § 2254.   *See White v. Lambert*, 370 F.3d 1002 (9th Cir. 2004).

REPORT AND RECOMMENDATION
PAGE -1

01 court's calendar. Petitioner contends that this denial of access to the King County Superior Court
02 is causing him to be unlawfully detained at a medium custody facility. Plaintiff requests that his
03 outstanding felony warrants be quashed or, in the alternative, that the King County Superior Court
04 Clerk be compelled to place petitioner's motions on the court calendar.

05 The United States Supreme Court has made clear that state remedies must first be
06 exhausted on all issues raised in a federal habeas petition. *Rose v. Lundy*, 455 U.S. 509 (1982);
07 28 U.S.C. §2254(b), (c). Exhaustion must be shown either by providing the highest state court
08 with the opportunity to rule on the merits of the claim or by showing that no state remedy remains
09 available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996)(citations omitted). The
10 exhaustion requirement is a matter of comity, intended to afford the state courts "the first
11 opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir.
12 1981).

13 A federal habeas petitioner must provide the state courts with a fair opportunity to apply
14 controlling legal principles to the facts bearing on his constitutional claim. *Picard v. Connor*, 404
15 U.S. 270 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982). It is not enough that all the facts
16 necessary to support the federal claim were before the state courts or that a somewhat similar state
17 law claim was made. *Harless*, 459 U.S. at 6. The habeas petitioner must have fairly presented
18 to the state courts the substance of his federal habeas corpus claims. *Id*.

19 Petitioner gives no indication in his petition that he has thus far made any attempt to
20 present his claim that he is being unlawfully detained to the state appellate courts for review. In
21 addition, it appears unlikely that petitioner has yet had time to properly exhaust his federal habeas
22 claim in the state courts given that the actions of the King County Superior Court which he

REPORT AND RECOMMENDATION
PAGE -2

01  complains of occurred in January and February of this year. As it appears that petitioner has not

02  properly exhausted the claim presented in his federal habeas petition, this Court recommends that

03  petitioner's federal habeas petition be dismissed, without prejudice, for failure to exhaust available

04  state court remedies. A proposed order accompanies this Report and Recommendation.

05    DATED this 13th day of April, 2006.

06

07                                                    /s/ Mary Alice Theiler
                                                        Mary Alice Theiler
08                                                      United States Magistrate Judge

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -3